THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:14-cv-00661-MR

AMANDA NICHOLE BALLEW,       )
                             )
            Plaintiff,       )
                             )        **MEMORANDUM OF**
       vs.                   )        **DECISION AND ORDER**
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security, )
                             )
            Defendant.       )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I.  PROCEDURAL HISTORY

On October 3, 2011, the Plaintiff Amanda Nichole Ballew protectively filed an application for disability insurance benefits, alleging an onset date of August 25, 2009. [Transcript ("T.") 189, 227, 230]. The Plaintiff's claim was denied initially and on reconsideration. [T. 106, 118]. Upon the Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on May 31, 2013. On June 27, 2013, the ALJ issued a decision denying the Plaintiff benefits. [T. 22-34]. The Appeals Council denied the Plaintiff's

request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-5]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet

the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id. In this case, the ALJ's determination was made at the fourth step.

## IV. THE ALJ'S DECISION

In denying the Plaintiff's claim, the ALJ found that the Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and that she has not engaged in substantial gainful activity since the alleged onset date. [T. 24]. The ALJ then found that the medical evidence established that the Plaintiff has the following severe impairments: bipolar disorder and personality disorder. [Id.]. The ALJ determined that none of Plaintiff's impairments, either singly or in combination, met or equaled a listing. [T. 24-25]. The ALJ then assessed the Plaintiff's residual functional capacity (RFC) [T. 26-32], finding that the Plaintiff had the ability

to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [S]imple, routine and repetitive tasks in an office setting with no supervisory work, no work in close proximity with coworkers, no decisionmaking, no complex tasks and occasional interaction with coworkers, supervisors or the general public. In addition, due to the possibility of some decompensation at times on the job, the [Plaintiff] claimant is limited to working in two-hour segments followed by a ten to fifteen minute break with a return to work. The [Plaintiff] can drive and use public transportation and adjust to routine changes.

[T. 26]. Based on this RFC, the ALJ then determined that the Plaintiff could return to her past relevant work as a payroll account clerk. [T. 32]. Alternatively, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, there are other jobs existing in the national economy that she is able to perform. [T. 32]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from the amended alleged onset date through the date of his decision. [Id.].

## V.  DISCUSSION[1]

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

5

Residual functional capacity (RFC) is an administrative assessment by the Commissioner of what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c). In assessing a claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments, including those non-severe impairments, after considering all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a). In determining a claimant's RFC, the ALJ must first identify the claimant's functional limitations or restrictions and then assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p, 1996 WL 374184, at *1. The ALJ also must include a narrative discussion detailing how the evidence in the record supports the RFC assessment. Id. at *7.

Here, the ALJ failed to provide a complete function-by-function analysis of the nonexertional mental functions associated with the Plaintiff's severe impairments of bipolar disorder and personality disorder. Social Security Ruling 96-8p requires, at the very least, some functional analysis of the Plaintiff's ability for specific work-related mental functions, such as her ability to "understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work

setting." SSR 96-8p, 1996 WL 374184, at *6. While the ALJ found that the Plaintiff has restrictions in activities of daily living, he did not discuss or address these restrictions in the RFC determination. In addressing the Plaintiff's moderate difficulties in social functioning, the ALJ found that the Plaintiff is capable of occasional interaction with coworkers, supervisors, and the general public. The ALJ also found, however, that the Plaintiff cannot work in close proximity with coworkers, a finding which seems to contradict his finding that she can occasionally interact with coworkers. Further, although the ALJ found that the Plaintiff can occasionally interact with supervisors, he does not state whether the Plaintiff could respond appropriately to criticism or correction from her superiors.

Regarding the Plaintiff's moderate difficulties with concentration, persistence and pace, the ALJ merely found that the Plaintiff is capable of simple, routine, and repetitive tasks. [Tr. 26]. The Fourth Circuit recently has held, however, that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Because "the ability to perform simple tasks differs from the ability *to stay on task*," Mascio, 708 F.3d at 638

7

(emphasis added), an RFC limited to simple, routine tasks or unskilled work fails to adequately account for moderate limitations in concentration, persistence, and pace.

The Defendant argues that the ALJ sufficiently addressed the Plaintiff's ability to stay on task by limiting her to working in two-hour segments followed by a ten to fifteen minute break to allow for the possibility of some decompensation while on the job. [Doc. 14 at 6-7]. In imposing this limitation, however, the ALJ made no finding of the Plaintiff's ability to stay on task for a full eight-hour day or a full forty-hour week, as is required under SSR 96-8p.[2]

On this point, the Plaintiff's treating psychiatrist, Dr. Klasing, opined that the Plaintiff has marked limitation in her ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without a unreasonable number and length of rest periods." [T. 624]. The ALJ gave little weight to Dr. Klasing's opinions, finding that his opinions were "inconsistent with the residual functional capacity." [T. 31]. This reasoning, however, simply gets the analysis backwards by implying that the RFC is determined first and is

---

[2] There is also nothing in the ALJ decision to support the conclusion that regularly scheduled ten to fifteen minute breaks would be sufficient to allow the Plaintiff to recover from any decompensation that she would experience.

8

then used to determine the weight to be given to the claimant's treating sources. See, e.g., Mascio, 780 F.3d at 639 (rejecting ALJ's analysis of claimant's credibility based on the inconsistency of claimant's symptoms with the RFC determination). The ALJ also rejected Dr. Klasing's opinions on the basis that his treatment records "show little change in the objective findings from the [Plaintiff's] initial appointment in September 2009" and fail to contain any "objective signs of worsening," thus "suggest[ing] that the [Plaintiff's] symptoms are responsive to treatment." [T. 31]. The ALJ's findings in this regard, however, are completely contradictory to the ALJ's earlier finding that "[a]dmittedly, there has been a progressive worsening of the [Plaintiff's] mental health symptoms with one or two episodes of decompensation." [T. 27]. This inconsistency must be reconciled.

For all of these reasons, the Court concludes that a remand of this case is necessary.[3]

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**, and the Plaintiff's

---

[3] Having found that a remand is necessary, the Court need not address the other issues raised by the Plaintiff.

Motion for Summary Judgment [Doc. 11] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 9, 2016

Martin Reidinger
United States District Judge